IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD F. BRATEK, et al. | : | CIVIL ACTION |
| v. | : | |
| BEYOND JUICE, LLC, et al. | : | NO. 04-4491 |

**MEMORANDUM**

**Baylson, J.**                                                                                           **December 15, 2005**

On November 14, 2005, following an evidentiary hearing, this Court denied Defendants' motion for a stay of all proceedings pending arbitration, which Defendants contended was appropriate under an arbitration agreement entered into between the parties in this case. Pursuant to § 16 of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., the Defendants have filed a Notice of Appeal from that holding, and have also moved for a stay of the proceedings, pending resolution of the appeal. Plaintiffs oppose the stay.

In the absence of governing precedent by the Third Circuit, the undersigned has decided that an appropriate, and fair resolution of this issue, would be to grant the stay in part and deny it in part. The Court believes that discovery should proceed in this Court and believes it has the power and jurisdiction to require the parties to engage in limited discovery, notwithstanding the pending appeal.

The reasons for this are quite evident. Whether the case proceeds to decision by way of arbitration before the Federal Arbitration Act or before a jury in this Court, discovery will be of assistance to the parties in preparing for either the arbitration or the trial, and also for determining

the relative strengths and weaknesses of each other's positions, which should be beneficial to settlement discussions. Therefore, the Court will allow discovery to proceed in the normal course, but at this time will limit the number of depositions that may be taken to three (3) per side, for a maximum of five (5) hours each. At the conclusion of the exchange of interrogatories, document requests, and admissions, and after the three depositions have been taken, if either side wishes to expand the discovery and the appeal is still pending, the Court will consider such a motion. However, the stay will be granted to the extent of dispositive motions and/or a trial.

Plaintiffs, which oppose the stay, and Defendants, which want a total stay, are free of course to apply to the Court of Appeals for a modification of this Order. The Court also anticipates that the Plaintiffs will move in the Court of Appeals for an expedited disposition of the appeal and/or summary dismissal on the grounds that this Court's decision on the arbitration was embedded in findings of credibility following an evidentiary hearing.

In reviewing the precedents from other circuits on the question of whether a district court should stay proceedings in the district court pending an appeal from a decision on arbitration, many of the decisions seem to take an "either/or" position – but assuming that this Court does have the power to retain control over the case notwithstanding the pendency of appeal, as has been held by two circuits, this Court believes that a modified approach is appropriate, allowing some discovery to proceed.

There is currently a split in the Courts of Appeals as to the appropriate action of a district court upon appeal of a denial of arbitration. The Second and Ninth Circuits have held that a district court has jurisdiction to proceed with a case absent a stay from the appeals court, see Motorola Credit Corp. v. Uzan, 388 F.3d 39 (2d Cir. 2004); Britton v. Co-Op Banking Group,

916 F.2d 1405 (9th Cir. 1990), while the Seventh, Tenth, and Eleventh Circuits have required district courts to stay all proceedings during the pendency of the appeal.  See McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158 (10th Cir. 2005); Blinco v. Greentree Servicing, LLC, 366 F.3d 1249 (11th Cir. 2004); Bradford-Scott Data Corp., Inc. v. Physicians Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997).

Looking first at the Motorola decision, the Second Circuit, though specifically addressing an attempt to undo a trial that had already been conducted by the district court, adopted a broad holding refusing to require a stay of proceedings during the course of any appeal of an order denying arbitration.  388 F.3d at 54.  In the Britton case, the Ninth Circuit concluded that the issue of arbitrability is distinct from the merits of the case and that a stay of proceedings during the course of an appeal on arbitrability was therefore unnecessary.  916 F.2d at 1412.  Moreover, the Britton court argued that a stay of all proceedings was an invitation for delay, since certain litigants could use the opportunity for appeal provided by 9 U.S.C. § 16 as a stalling tactic.  Id.

On the other hand, the Seventh Circuit in Bradford-Scott held that a stay was required, since "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals."  128 F.3d at 505.  The Seventh Circuit also attempted to distinguish the Britton decision, noting that any opportunities presented to an "obstinate or crafty litigant" by a stay of proceedings during the course of an appeal would be counterbalanced by the ability of the appellee to "ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily."  Id. at 506.

After an examination of the relevant case law, this Court is persuaded that it does have jurisdiction to proceed with discovery during the pendency of the appeal of the denial of

arbitration, if only because an appeal from the denial of a stay of proceedings in a district court pending an interlocutory appeal does not divest the district court of jurisdiction.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD F. BRATEK, et al. | : | CIVIL ACTION |
| v. | : | |
| BEYOND JUICE, LLC, et al. | : | NO. 04-4491 |

**ORDER**

AND NOW, this 15th day of December, 2005, in consideration of the parties' letter briefs concerning the stay of district court proceedings, it is hereby ORDERED that discovery will proceed in the normal course, though the number of depositions that may be taken will be limited to three (3) per side, for a maximum of five (5) hours each.  At the conclusion of the exchange of interrogatories, document requests, and admissions, and after the three depositions have been taken, if either side wishes to expand the discovery and the appeal is still pending, the Court will consider such a motion.  Until further word from the Court of Appeals, the stay will be granted to the extent of dispositive motions and/or a trial.

BY THE COURT:

 s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL\04-4491 Bratek v. Beyond Juice\Bratek 04-4491 Memo 12-14-05.wpd